*120 Opinion of the Court by
Judge Mills.
This is an ejectment, and was tried in the court below on a case agreed, and the court rendered judgment for the defendants, from which the lessor of the plaintiff has appealed.
Both parties claim under John Fristoe, now deceased, who, in his lifetime, was seized in fee of the land now in contest, and conveyed it by deed of indenture, which was never proved and recorded till after the time for recording such instruments fixed by law had expired, and the tenants claim under this deed.
Before his death he made his will, and therein disposed of the whole of his estate as follows:
Suit wherein, the decree was afterwards recovered against the devisee.
Suit revived; decree; sheriff’s sale, and conveyance.
"Of the worldly goods and possessions wherewith it has pleased God to endow me, I dispose as follows: First—that all my just debts and funeral expenses be paid, and all the rest and residue of my estate, real, personal, and mixed, I give and bequeath unto my beloved wife Jemima, as an evidence of my affection, and token of my gratitude, for her affectionate attention to me in my old age; and as the little which I can leave, has been obtained in a great measure by her own industry, I hope that my children and grand children will not think hard of this my disposition of it; and the more especially as the most of them have been assisted by me in my more prosperous days.”
Before, and at his death, a suit in chancery was pending against him, on a bond which he had given, conditioned to convey a tract of land, different from the one now in contest, claiming a conveyance, if it could be had, but suggesting and alleging that he had committed a fraud in selling the land, because he knew that he had previously conveyed away the title, and if this title could not be reached in the hands of his grantee, who was also a party, that compensation might be decreed equivalent to the full value of the land.
After his death, that suit was revived against his widow and sole devisee, uniting with her a second husband, and a decree was rendered against the devisee, for a sum of money to be levied of his estate, devised to her. By execution on this decree, the tract of land now in contest was taken, and sold and conveyed to a purchaser by the sheriff, and that purchaser conveyed to the lessor of the plaintiff; and that is the title now set up to recover of the tenants claiming under the deed made by Fristoe in his lifetime, but not recorded in due time.
It is contended by the appellant, that as the Act regulating conveyances, 1 Dig. L. K. 312, declares that all conveyances not recorded as prescribed by law, shall not be good against “a purchaser for a valuable consideration, not having notice thereof, or any creditor;" and as he claims by virtue of a *122 sheriff's sale, under the judgment, or rather decree, and execution of a creditor, he is entitled to avoid, and prevail against, the defectively recorded deed of the defendants, executed by Fristoe in his lifetime.
Can such an interest in land be devised by the grantor in a conveyance not recorded in time as will be subject to his creditors?
Deeds of conveyance not recorded in time are yet good against the grantors, his heirs, devisees and all volunteers under him.
Grantor in a deed not recorded is adjudged to still hold the title as to creditors and subsequent purchasers, but he cannot devise or transmit such title to his devisees or heirs.
Before this can be granted we will enquire whether the plaintiff, by virtue of the sheriff’s sale, has really become possessed of the title which such sale could pass, against a conveyance not recorded, under the decree against the devisee of Fristoe.
It is granted that the statute of wills is ample in its provisions, and docs enable testators to devise any estate which they may have; and the will of Fristoe is commensurate with the devising power, and does pass to the devisee every thing which he could pass. But did it pass any thing in this land, which he had conveyed away by an unrecorded deed, which could thereafter be seized and sold in the hands of the devisee, by a judgment or decree against the estate devised? If it did, then the lessor of the plaintiff has acquired, by the sheriff's sale, a title which must prevail against the unrecorded deed; if it did not, then the lessor of the plaintiff has acquired no title under the execution, and cannot prevail.
Deeds fraudulent in fact, as well as deeds not fraudulent, but not recorded, as our statutes require, are obligatory on the grantor, his heirs or devisees, and all volunteers under him, and are bad as to only two descriptions of persons, to-wit, purchasers for a valuable consideration without notice, and creditors.
As to these the grantor is adjudged still to hold the title; but this reservation in favour of these two classes of persons, is not such title in the grantor as can be transmitted by devise, or pass by descent. As to the heir or devisee, the former fraudulent or unregistered grant is a bar to his taking any thing. For it would be absurd to say, that such grant is obligatory against the heir or devisee, as to the crimes of the ancestor, and yet to say that it is not obligatory to any beneficial purpose, and that, therefore, he took such title as can be sold.
Hence as for such estate the heirs and devisees may plead they took nothing.
Creditors remedy in such case is against the grantee or thing granted.
Grantee of a personal estate in fraud of creditors after grantor’s death may be sued as executor de son tort.
Creditors remedy where his debtor fraudulently grants his real estate is against the estate itself or the grantee, the heirs or devisee, for they got nothing.
Triplett, for plaintiff; Loughborough, for det’t.
Hence, in a suit against the heir or devisee, the former can plead that he took nothing by descent, and the latter, nothing by devise; and it cannot be replied that his ancestor or testator fraudulently conveyed an estate to another, with which the heir or devisee can be charged.
It is true, the death of the grantor may not deprive the purchaser or creditor of all power to reach the thing improperly conveyed away; but his remedy is not against the heir or devisee; it lies against the grantee of the invalid grant, or the thing granted.
The doctrine with regard to personal estate is in strict analogy with this The executor or administrator does not take, nor is he chargeable with, any thing conveyed away fraudulently by the testator or intestate in his life time. For, says the learned annotator on Saunders’ Reports, vol. 2, 137, a n. 2, “it is holden, that if a man makes a fraudulent gift of his goods in his lifetime, to oust his creditors of their debts, the vendee, after his death, shall be charged for them—and the only way in which he can be so charged, is as executor of his own wrong.” When creditors, therefore, mean to reach such a fund, they cannot do it by a proceeding against the rightful executor or administrator; but must leave him and charge the vendee as executor de son tort.
The same reason applies, and the same rule prevails, in the case of conveyances of real estate, by a testator or intestate in his life time. His heir or devisee takes nothing therein, and the remedy, if any, in favor of the creditor, is against the thing granted, if he has any lien thereon, or against the grantee, who has been particeps criminis. in trying to rescue the fund from the operation of the debt. It follows, therefore, that the lessor of the plaintiff no title by the sheriff’s sale, and that so far as the creditor, under whom he holds, can make the estate in contest liable, if at all, the mode pursued by decree against the devisee; has not been able to reach it.
For these reasons, without approving those which seem to have governed the court below, the judgment, is affirmed with costs.